# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **ROBYN STEVENS** | * |
| Plaintiff, | * |
| v. | * Civil Action No. CV-18-350 |
| **MOBILE COUNTY BOARD OF SCHOOL COMMISSIONERS** | * |
| Defendant. | * |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Comes not the Plaintiff, Robyn Stevens, and brings this action against Mobile County Board of School Commissioners (hereinafter "Defendant"), a public entity conducting business in Mobile County, Alabama, and seeks equitable and injunctive relief, compensatory damages, and back pay for Defendant's discriminatory treatment of Plaintiff in violation of Title VII of the Civil Rights Act of 1964, U.S.C. Section 2000e, et.seq., as amended by the Pregnancy Discrimination Act and the Civil Rights Act of 1991. Plaintiff further states as follows:

### I. JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331, 1343, 2201, 2202, Title VII of the Civil Rights Acts of 1964, U.S.C. Section 2000(e), et. seq.,

as amended by the Pregnancy Discrimination Act, the Civil Rights Act of 1991, and the Family Medical Leave Act 29 U.S.C. Section 2601, et seq., public law no. 103-3, 1993, U.S.C.C.A.N. (107 Stat.).

## II.  PARTIES

2.     The Plaintiff, Robyn Stevens, is over the age of nineteen (19) years and a resident citizen of the United States, Moss Point, Mississippi.  Plaintiff was employed at all times pertinent to this action by the Defendant, Mobile County Board of School Commissioners.

3.     The Defendant is a public entity which is operating and existing under the laws of the State of Alabama.  Defendant is an "employer" under Title VII and is an employer according federal law.

4.     Defendants is engaged in an "industry affecting commerce" within the meaning of Section 701(h) of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-(h). The Defendants employ at least fifteen (15) persons.

## III.  VENUE

5.     Venue is proper in the Southern District of Alabama, Southern Division, since Defendant is conducting business within this District and Division and this action is brought where the unlawful employment practice was committed.

## IV.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.     Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on January 6, 2017.

7. On or about April 12, 2018, the EEOC issued a Letter of Determination finding Defendant "took adverse action against the [Plaintiff] because of her pregnancy and childbirth."

8. On or about June 19, 2018, Plaintiff received a notice of right to sue issued by the United States Department of Justice (DOJ).

9. Plaintiff has satisfied all conditions precedent prior to bringing an action under Title VII of the Civil Rights Act of 1964, as amended.

## V. STATEMENT OF RELEVANT FACTS

10. Plaintiff began working for Defendant as a Teacher on August 10, 2015, in Mobile, Alabama and was assigned to work at Calloway-Smith Middle School (Calloway-Smith).

11. At all times relevant Plaintiff satisfactorily performed her job duties.

12. On or about May, 2016, Plaintiff notified her supervisors and administrators that she was pregnant.

13. On or about May 25, 2016, Plaintiff received notice from Martha Peek that she had been non-renewed by Defendant for re-employment for the 2016-2017 school term. Plaintiff was a non-tenured teacher and, as such, such a layoff way customary.

14. Plaintiff discussed non-renewal with her Assistant Principal, Nedra Payton, and was informed by Payton that she expected her to be recalled for the 2016-2017 school term.

15. On July 12, 2016, Plaintiff was hospitalized due to complications related to her pregnancy.

16. On July 12, 2016, Plaintiff was contacted by the Assistant Principal, Rob Horner, at Calloway-Smith. Horner notified Plaintiff she had been recalled and rehired to teach 7th Grade Civics at Calloway Smith for the 2016-2017 school term. Plaintiff advised Horner that she was at the hospital for the birth of her child and indicated she would contact him the following week.

17. Plaintiff delivered her baby on July 13, 2016, by c-section six weeks premature due to complications related to her pregnancy.

18. On or about August 1, 2016, Plaintiff provided a request for medical leave to Gretchin Lang, Human Resource Officer, pursuant to the Defendants medical leave policy covering Family Medical Leave Act (FMLA) from August 6, 2016, through September 7, 2016. Plaintiff was told at the time of her FMLA leave request submission by Lang that "there should be no problem getting the leave approved." Lang advised Plaintiff that she would submit the FMLA Leave request to the Board for approval.

19. Plaintiff's medical leave was based on a serious medical condition.

20. Plaintiff's FMLA Leave request was submitted to the Board and approved on September 7, 2016.

21. Plaintiff was an eligible employee for protection under the family medical leave act because she had been employed for at least twelve (12) months and had worked at least 1,250 hours during the 12-month period immediately preceding the start of the leave.

22. On or about August 8, 2016, Plaintiff was assigned to teach a class at Calloway-Smith and placed on the schedule. Plaintiff was, also, assigned a classroom and

students for the 2016-2017 school term.

23. In August, 2016, Plaintiff was represented by Defendant and its administrators at Calloway-Smith as the assigned 7th Grade Civics Teacher scheduled to teach for the upcoming 2016-2017 school term.

24. Defendant secured, hired and paid a Substitute Teacher, Mazadaline Richie Taylor, to temporarily cover Plaintiff's assigned class and students during her expected medical leave and absence.

25. Defendant represented to Plaintiff that she was the primary assigned Teacher to teach 7th Grade Civics during her medical leave and absence and advised students, parents, and co-workers that she would assume responsibility of the class upon her return from pregnancy leave.

26. On or about September 1, 2016, Nina Hayes (Hayes), Human Resource Officer, contacted Plaintiff regarding her FMLA Leave request. Hayes inquired regarding Plaintiff's medical leave and inquired when she would return to work. Plaintiff informed Hayes she would not return to work until she had been fully released by her treating physician on or about September 7, 2016.

27. Plaintiff had sick leave available to cover her medical leave of absence as well as two days donated leave to cover the leave time (2 days) that had not earned by her.

28. Plaintiff was pressured by Hayes to return to work immediately after she was released to return to work from her treating physician.

29. Plaintiff returned from medical leave on September 7, 2016, and assumed all

duties and responsibilities of the 7th Grade Civics class and students at Calloway-Smith.

30. On or about September 30, 2016, Plaintiff was informed by Hayes that her recall/rehire date for the 2016-2017 school term would not commence until September 7, 2016, the date Plaintiff advised Hayes of her expected return from medical leave. Plaintiff was also informed that she would be responsible for all health insurance payments during her medical leave.

31. Failure of Plaintiff to instate the Cobra Health Insurance Coverage offered to Plaintiff by Defendant would result in a lapse of her policy and the cancellation of medical insurance coverage during the remainder of her pregnancy leave.

32. Plaintiff was required to elect Cobra coverage to extend medical and health care insurance and coverage for her and her premature child. Both Plaintiff and baby were under medical treatment and care that would have incurred medical expenses during her leave and absence.

33. Plaintiff missed days of work that should have applied toward her tenure status with Defendant as well as benefits related to the Retirement Systems of Alabama.

34. Plaintiff's pregnancy and medical leave was the motivating factor in Defendant's delay and failure and/or refusal to reinstate and reappoint Plaintiff as a Teacher with Defendant at the start of the school contract term.

### VI.  CAUSES OF ACTION

#### COUNT I.
Title VII /Pregnancy Discrimination Act

35. Plaintiff reavers and sets forth the foregoing paragraphs as if fully set forth

herein.

36. Defendant discriminated against the Plaintiff as a result of her pregnancy and gender in violation of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act and the Civil Rights Act of 1991.

37. Plaintiff's termination and Defendant's failure to reinstate Plaintiff during her pregnancy caused her extreme anxiety and concern.

38. Defendants' actions were done with reckless indifference to Plaintiff's federally protected rights.

39. As the direct and proximate result of the Defendants' wrongful actions, the Plaintiff was caused to suffer lost wages, mental anguish, loss of dignity, embarrassment, humiliation, and other intangible injuries and other directly and indirectly related expenses.

40. Plaintiff has been forced to obtain legal services of the undersigned attorneys to enforce her rights under Title VII and is required to pay her attorneys reasonable attorneys' fees for the services rendered in this cause.

## COUNT II
### FMLA Interference Claim

41. Plaintiff reavers and sets forth the foregoing paragraphs as if fully set forth herein.

42. Defendant is engaged in an industry affecting commerce and is a program receiving state and/or federal financial assistance.

43. Defendant had fifty (50) or more employees at all times relevant to this action within a 75 mile radius.

44. Plaintiff had to take family medical on from August 4, 2015, through September 7, 2016, as a result of the birth of her child.

45. Plaintiff's requested family medical leave was approved by the defendant.

46. Plaintiff advised Defendant when she would be released from her treating physician and able to return to work. Plaintiff did, in fact, return, on September 7, 2016, but was eligible to take additional leave. Plaintiff returned with no restrictions.

47. Defendant delayed reinstating Plaintiff thereby interfering with Plaintiff's rights under the FMLA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court will assume jurisdiction of this action and after trial:

A. Grant Plaintiff a declaratory judgment that the Defendant's actions, policies and practices complained of herein violate the provisions of 42 U.S.C. §2000e.

B. Grant Plaintiff an injunction enjoining the Defendants, their agents, successors, employees and attorneys and those acting in concert with them and at their direction, from maintaining or continuing the policies, practices, customs and usages of denying, abridging, withholding, conditioning, limiting, or otherwise interfering with the Plaintiff's rights to equal employment opportunities without discrimination, including an order of reinstatement as provided for under 42 U.S.C. §2000e and 29 U.S.C. Section 2601, et seq.

C. Grant Plaintiff an award of back pay in the amount the Plaintiff would have

earned from the date of her denial of employment to and including the date of judgment, but for those policies and practices complained herein.

      D.    Award compensatory damages against defendants in an amount the jury determines will compensate the Plaintiff for her losses and/or nominal damages as may be appropriate.

      E.    Award Plaintiff liquidated damages for Defendants willful conduct and Plaintiff's mental distress and lost benefits.

      F.  Plaintiff also prays the Defendants be ordered to compensate the Plaintiff for all benefits she would have received had it not been for the Defendant's illegal action, including but not limited to benefits and tenure credit.

      G.    Award Plaintiff costs and expenses in prosecuting this action including an award of reasonable attorney's fees.

      H.    Retain jurisdiction of this action following judgment for sufficient time to insure that Defendants comply with the law and decree which may be entered herein, and during such time to require Defendants to report such information as is necessary to evaluate their compliance.

      I.    Grant Plaintiff such other and further relief as equity and justice requires.

**PLAINTIFFS REQUEST A TRIAL BY JURY.**

Respectfully submitted this 9th day of August, 2018.

*/s/ Mary E. Pilcher*
Mary E. Pilcher, Esq.(PIL008)
Stein & Pilcher, LLC
151 North Bancroft Street
P.O. Box 602
Fairhope, AL 36533
(251) 210-4557