# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ROBYN STEVENS, )<br>    Plaintiff, )<br>)<br>v. )<br>)  CIVIL ACTION NO. 1:18-cv-350-KD-B<br>)<br>MOBILE COUNTY BOARD OF )<br>SCHOOL COMMISSIONERS )<br>)<br>    Defendants. ) | |

## ORDER

This matter is before the Court on Plaintiff Robyn Stevens' (Stevens) motion to alter the judgment (Doc. 73) and Defendant Mobile County Board of School Commissioners' (the Board) response (Doc. 76).

**I.**  **Background**

On January 29, 2020, the jury returned a verdict finding the Board delayed hiring Stevens in violation of the Family and Medical Leave Act (FMLA). The jury awarded Stevens $3,910.13 in compensatory damages-- $2,505.13 for wages and $1,405 for benefits. Stevens moves to alter the judgment claiming the amount awarded is inconsistent with "the amount claimed by Plaintiff and presented to the jury…" (Doc. 73 at 1). Specifically, Stevens moves the Court to alter the jury's award to include: 1) the total amount of back wages and lost benefits Stevens presented to the jury ($5,213.16); 2) pre-judgment interest on the compensatory damages award; 3) injunctive relief for those similarly situated to Stevens; and 4) liquidated damages. (Doc. 73 at 4).

1

The Board opposes changing the amount awarded by the jury and opposes the addition of liquidated damages. (Doc. 76 at 3). The Board does not oppose adding pre-judgment interest to the jury's award and does not address injunctive relief. (Id.).

## II.     Discussion

"The FMLA makes it illegal 'for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.' 29 U.S.C. § 2615(a)(1)." Pereda v. Brookdale Senior Living Communities Inc., 666 F.3d 1269, 1273-74 (11th Cir. 2012). An employer who violates Section 2615 is liable to the eligible employee for damages as outlined in Section 2617:

**(a) Civil action by employees**

**(1) Liability**
Any employer who violates section 2615 of this title shall be liable to any eligible employee affected—

**(A)** for damages equal to—

**(i)** the amount of--

**(I)** *any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation;* or

**(II)** in a case in which wages, salary, employment benefits, or other compensation have not been denied or lost to the employee, any actual monetary losses sustained by the employee as a direct result of the violation, such as the cost of providing care, up to a sum equal to 12 weeks (or 26 weeks, in a case involving leave under section 2612(a)(3) of this title) of wages or salary for the employee;

**(ii)** the interest on the amount described in clause (i) calculated at the prevailing rate; and

**(iii)** an additional amount as liquidated damages equal to the sum of the amount described in clause (i) and the interest described in clause (ii), except that if an employer who has violated section 2615 of this title proves to the satisfaction of the court that the act or omission which violated section 2615 of this title was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation of section 2615 of this title, such court may, in the discretion of the court, reduce the amount of the liability to the amount and interest determined under clauses (i) and (ii), respectively; and

**(B)** for such equitable relief as may be appropriate, including employment, reinstatement, and promotion.

29 U.S.C. § 2617. Stevens moves to alter the judgment to include additional relief pursuant to Section 2617—i.e. additional back pay and lost benefits, pre-judgment interest, injunctive relief, and liquidated damages. (Doc. 73).

### a. Back pay and benefits

"The district court ha[s] the authority to increase the amount of the jury's award…without running afoul of the rule of Dimick v. Schiedt, 293 U.S. 474, 486-87, 55 S.Ct. 296, 301, 79 L.Ed. 603 (1935) (holding that the Seventh Amendment to the United States Constitution prevents a court from increasing a jury's award or conditioning the denial of a new trial on the defendant's acquiescence to an additur)." U.S. E.E.O.C. v. Massey Yardley Chrysler Plymouth, Inc., 117 F.3d 1244, 1252 (1997). There is an exception to the Dimick rule when the amount of damages is undisputed and the jury found the underlying liability. Id. See also Moreau v. Oppenheim, 663 F.2d 1300, 1311 (5th Cir. 1981) ("The constitutional rule against additur ... is not violated in a case where the jury has properly determined liability and there is no valid dispute as to the amount of damages.").[1] But see State Contracting & Engineering Corp. v. Condotte America, Inc., 2002 WL 34365826, *2 (S.D. Fla. 2002) (declining to increase jury award where "there is not an undisputed damage amount that the Court can simply calculate damages"); Peeler v. KVH Industries, Inc., 13 F.Supp.3d 1241, 1255 (M.D. Fla. 2014) (finding no reason to disturb the jury's award where there was conflicting evidence about the amount of damages); McRevy v. Ryan, 2010 WL 749327, *2

---

[1] The Eleventh Circuit in Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) *(en banc)*, adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

(S.D. Ala. 2010) (declining motion for new trial on damages where contradictory evidence about damages was presented).

Stevens asks the Court to use its equitable authority to award her $5,213.16 ($4,418.36 back pay and $794.80 lost benefits) in lieu of the jury's finding that her damages were $3,910.13. But in this case, there is a valid dispute as to what was owed in back wages. At trial, as to her damages, Stevens testified that her monthly salary was $3,558.13. Stevens asked for back pay damages for the month of August and for seven (7) days in September ($4388.26); and for lost benefits ($794.80) for a total of $5,183.16. However, Stevens also submitted evidence that she had asked for and had been approved for maternity leave from August 7, 2016 – September 8, 2016 (Plaintiff's trial exhibit 44), which if relied on by the jury could result in a lesser amount of back paid owed. Also, there was other evidence that the position, for which Stevens was hired, did not exist until the end of August 2016. If the jury relied on this evidence, such would also reduce the amount owed for back pay. (Plaintiff's exhibit 10; Defendant's exhibits 17, 23, 29). Moreover, in her closing argument, Stevens' counsel did not ask for a specific amount but rather suggested "[a] month, a month and 7 days. That decision gets to be yours. 7 days, maybe so." The jury took the Stevens' counsel at her word and decided what Stevens was owed. The Court finds no basis to invade the province of the jury. Stevens' motion to increase the jury's award of back pay and lost benefits is **DENIED**.

**b. Injunctive relief**

Section 2617 allows for equitable relief, but the appropriateness of a particular equitable remedy is "left to the trial court's discretion;" the relief must just be consistent with the purposes of the ADEA. Demers v. Adams Homes of Northwest Fla., Inc.*,* 321 Fed.Appx. 847, 849 (11th Cir. 2009). Castle v. Sangamo Weston, Inc., 837 F.2d 1550, 1563 (11th Cir. 1988); Goldstein v.

Manhattan Industries, Inc., 758 F.2d 1435, 1448 (11th Cir. 1985), *cert. denied,* 474 U.S. 1005, 106 S.Ct. 525, 88 L.Ed.2d 457 (1985); Robinson v. City of Fairfield, 750 F.2d 1507, 1512 (11th Cir. 1985). The court must consider the individual facts and circumstances of a plaintiff's case, and must not refuse even to consider equitable relief. See Ragsdale v. Wolverine World Wide, Inc., 535 U.S. 81, 89 (2002).

Stevens seeks equitable, injunctive relief pursuant to Section 2617(a)(i)(B) for "other employees similarly situated." (Doc. 73 at 3). Stevens asserts the "Board's policy and practice allows it to refuse to hire and/or delay the hire of an employee who would otherwise qualify for benefits and wages under the FMLA…." (Id.). Stevens requests the Court "enter an order requiring [the Board] to modify its policies and procedures to insure the hiring of non-tenured teachers or other employees who would otherwise qualify for FMLA leave is not delayed and/or modified in such a way to deny to them benefits they should otherwise be entitled to receive." (Id. at 4).

First, Stevens' request is too broad because there are legitimate reasons to delay hiring that may affect FMLA but that is not violative of the FMLA. And if the Court narrowed the order, it would simply be an "obey-the-law" injunction. The Eleventh Circuit has repeatedly held that "obey-the-law" injunctions are unenforceable. See Florida Ass'n of Rehabilitation Facilities, Inc., v. State of Fla. Dept. of Health, 225 F.3d 1208, 1222-23 (11th Cir. 2000); Burton v. City of Belle Glade, 178 F.3d 1175, 1200 (11th Cir. 1999) (finding an injunction invalid for prohibiting municipality from discriminating on the basis of race because it did "no more than instruct the City to 'obey the law,'"); Payne v. Travenol Labs., Inc., 565 F.2d 895, 899 (5th Cir. 1978) (invalidating injunction that prohibited defendant from violating Title VII in its employment decisions). Stevens' request for equitable, injunctive relief is therefore **DENIED**.

   c. **Liquidated damages**

Under the FMLA, an employer "shall be liable" for liquidated damages when it interferes with an employee's substantive rights under the Act. [29 U.S.C. § 2617(a)(1)(A)(iii)](). Under the Act, liquidated damages are an amount equal to the compensation denied or lost to an employee, plus interest, by reason of the employer's violation of the statute. Id. "Doubling of an award is the norm under the FMLA, because a plaintiff is awarded liquidated damages in addition to compensation lost." [Nero v. Indus. Molding Corp., 167 F.3d 921, 929 (5th Cir. 1999)](). See also Lore, 2008 WL 11320016 at *10. A court may decline to award liquidated damages where the employer "proves to the satisfaction of the court that the act or omission which violated section 2615…was in good faith and that [it] had reasonable grounds for believing that the act or omission was not a violation of section 2615…" [29 U.S.C. § 2617(a)(1)(A)(iii)](). To avoid liquidated damages, the employer must show *both* good faith and reasonable grounds for its conduct. [Cooper v. Fulton County, Ga., 458 F.3d 1282, 1286 (11th Cir. 2006)]().

In this case, the jury implicitly determined that the Board rehired Stevens at some point during her maternity leave making Stevens eligible for FMLA leave and that the Board violated Stevens' right to FMLA leave by changing her hire date to September 7, 2016 (the date she returned from maternity leave). The Board contends that this act was taken in good faith and that it had reasonable grounds for believing that changing Stevens' hire date did not violate the FMLA. However, the jury found otherwise and determined that the change of hire date was a willful act to deny Stevens FMLA leave. (Doc. 67-1).

It is the School Board's burden to show that its actions were in good faith and objectively reasonable. [Cooper,]() 458 F.3d at 1286. The Court has no way to ascertain the jury's determination of the date Stevens became eligible for FMLA, but it obviously was a date during the period of

6

Stevens' maternity leave.[2] Even assuming that Stevens' position did not exist until August 30, and assuming all paperwork to the contrary was a mistake, Stevens would have been entitled to leave from at least August 30, 2016 to September 7, 2016. There is no dispute that it was everyone's intent to hire Stevens for the position if and when it became available. When the position became available (August 30), Stevens was notified by the Principal and given the position. Then on September 22, 2016, the Board officials decided that they did not hire Stevens until she actually returned to work. The Board has failed to carry their burden to show their decision to change Stevens' hire date, making her ineligible for FMLA leave, was made in good faith and was objectively reasonable. Therefore, Stevens' motion for liquidated damages is **GRANTED**.

  d.  **Pre-judgment interest**

Stevens asserts she "is entitled to pre-judgment interest on compensatory damages awarded at the prevailing interest rate" pursuant to 29 U.S.C. § 2617(a)(1)(A)(ii). And see 29 U.S.C. § 2617(a)(1)(A)(i)(I) (awarding damages for wages and benefits). The Board "agrees that based upon the verdict form submitted by the jury and the Judgement entered by this Court Plaintiff is entitled, pursuant to 29 US § 2617 to prejudgment interest" "on the award of wages and benefits." (Doc. 76 at 1). Stevens' unopposed request for pre-judgment interest is therefore **GRANTED**. Also, pursuant to 29 U.S.C. § 2617 (a)(1)(A)(iii) Stevens is entitled to interest on the award of liquidated damages. **The parties are ordered to submit to the Court within 7 days of this order a joint notice of the amount of pre-judgment interest owed and how it was calculated.**

III.   Conclusion

Stevens' motion to alter the judgment (Doc. 73) is **DENIED in part** and **GRANTED in part**. Stevens is entitled to in pre-judgment interest and $3,910.13 in liquidated damages. The

---

[2] Hindsight is 20/20, but it would have been prudent to have submitted an interrogatory to the jury on this issue.

7

Court will issue an amended judgment once the parties provide notice of the pre-judgment interest owed.

**DONE** and **ORDERED** this the **27th** day of **March 2020**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**
