# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ROBYN STEVENS, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   CIVIL ACTION NO. 1:18-cv-350-KD-B |
| | ) |
| MOBILE COUNTY BOARD OF | ) |
| SCHOOL COMMISSIONERS | ) |
| | ) |
|     Defendants. | ) |

## ORDER

This matter is before the Court on Defendant Mobile County Board of School Commissioners' motion for judgment as a matter of law and/or new trial (Doc. 79) and Plaintiff Robyn Stevens' response (Doc. 82).

## I.    Background

On January 29, 2020 the jury returned a verdict finding the Defendant Mobile County Board of School Commissioners (the Board) delayed hiring Plaintiff Robyn Stevens (Stevens) in violation of the Family and Medical Leave Act (FMLA). Specifically, the jury found Stevens was eligible for and entitled to take FMLA leave. (Doc. 67-1 at 2-3).

At trial, Stevens presented evidence that she had asked for and been approved for maternity leave from August 8, 2016-September 8, 2016. (Plaintiff's trial exhibits 7, 44). Stevens presented evidence that her hire date was initially recorded as August 8, 2016 and that the Board later changed Stevens' rehire date. See e.g., (Plaintiff's trial exhibit 9). Thereafter, Stevens' was notified her leave was approved in error based on Stevens' rehire date of September 7, 2016. (Defendant's trial exhibits 2, 3).

1

The Board "takes exception with whether plaintiff Stevens was eligible for FMLA," asserting "[t]here was no evidence [presented at trial] that she was an employee during the period of time." (Doc. 79 at 3, 5). The Board moves for judgment as a matter of law pursuant to the Federal Rules of Civil Procedure 50(b); it jointly or in the alternative moves for a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure. (Doc. 79 at 1). Stevens responds that she was eligible for FMLA leave had the Board not changed her rehire date; thus, the jury's verdict should not be disturbed. (Doc. 82 at 5, 7).

### III. Standard of review

Pursuant to Rule 50(b), judgment as a matter of law is appropriate only if "the facts and inferences point [so] overwhelmingly in favor of one party…that reasonable people could not arrive at a contrary verdict." Brown v. Alabama Dept. of Transp., 597 F.3d 1160, 1173 (11th Cir. 2010) (citing Combs v. Plantation Patterns, 106 F.3d 1519, 1526 (11th Cir. 1997). "[T]he court should review all of the evidence in the record" and "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 150 (2000) (citing Lytle v. Household Mfg., Inc., 494 U.S. 545, 554–555 (1990); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254 (1986); Continental Ore Co. v. Union Carbide & Carbon Corp., 370 U.S. 690, 696, n. 6 (1962)). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Liberty Lobby, 477 U.S. at 255.

"The trial judge in the federal system, we have reaffirmed, has… discretion to grant a new trial if the verdict appears to [the judge] to be against the weight of the evidence." Gasperini v. Center of Humanities, Inc., 518 U.S. 415, 433 (1996) (citing Byrd v. Blue Ridge Rural Elec. Co-

op, Inc., 356 U.S. 525, 540 (1958)) (internal citations omitted). "The motion for a new trial [under Rule 59] may invoke the discretion of the court …[if] verdict is against the great weight of the evidence,…damages are excessive, or that, for other reasons, the trial was not fair to the moving party…." Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251 (1940). And see Gasperini, 518 U.S. at 433 (same).

### III.    Discussion

The Board claims that for Stevens to be eligible for FMLA leave that Stevens needed to show *either* that she "was an employee when she requested leave or [that she] would have been an employee during the period of time leave would have been taken." Per the Board, Stevens was not an employee "[d]uring the period of time she was asking for leave." (Id. at 4).

The Eleventh Circuit in Pereda v. Brookdale Senior Living Comunities, Inc. clarified that "a pre-eligible request for post-eligible leave is protected activity…" under the FMLA. 666 F.3d 1269, 1279 (11th Cir. 2012). Therefore, Stevens' eligibility for FMLA leave is not determined in July 2016 when she requested leave; it is determined by when her FMLA leave was to occur.

The jury was not specifically asked to determine Stevens' rehire date, but the jury's findings necessarily indicates that it credited evidence that Stevens hire date was prior to September 7, 2016. Drawing all reasonable inferences in favor of Stevens, the jury believed that Stevens hire date was August 8, 2016, making Stevens eligible for FMLA leave. Moreover, even if Stevens' position did not exist until August 30, the date the principal testified the position was granted, Stevens would still have been entitled to FMLA leave from August 30, 2016 to September 7, 2016. The evidence does not "point [so] overwhelmingly in favor of [the Board]…that reasonable people could not arrive at a contrary verdict." Brown v. Alabama Dept. of Transp., 597 F.3d 1160, 1173 (11th Cir. 2010). Moreover, the verdict is not "against the great weight of the

evidence." Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251 (1940). The Board's motion for judgment as a matter of law and/or for a new trial is therefore **DENIED**.

**IV.** **Conclusion**

Accordingly, the Board's motion for judgment as a matter of law or for a new trial (Doc. 79) is **DENIED**.

**DONE** and **ORDERED** this the **6th** day of **April 2020.**

/s/Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT**